IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SARAH E. DUNN-HAMILTON, individually
in her own right and/or by her next friend,
PAMELA SUE DUNN and PAMELA SUE DUNN,
and WOODROW DUNN, SR. individually,**

        Plaintiffs,

vs.                                             Civ. No. 00-00316 RLP/DJS

**HOBBS MUNICIPAL SCHOOLS, et al.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

1.     This Matter comes before the Court on the Motion of all Defendants, except Adam Torres, to Dismiss Portions of Plaintiffs' Complaint on the Basis of Qualified Immunity and Other Grounds. (Docket No. 14).

## Background

2.     Plaintiff, Sarah Dunn-Hamilton, was a student at Hobbs High School. For the purposes of this motion, the following facts are deemed to be true[1]: Commencing in the fall of 1997, Sarah was sexually harassed by the friends of fellow student Adam Torrez. (Complaint, ¶15). She complained to a teacher, who stopped the harassment for approximately one week. Thereafter, the harassment resumed in another class, before a different teacher. (Id.). Adam Torrez began daily sexual harassment of Sarah on January 26, 1998. (Complaint, ¶16). When advised of the daily harassment, the classroom teacher told Sarah to ignore it. (Complaint, ¶17). On February 2, 1998, Torrez threatened to beat Sarah up after school because she had rejected his sexual advances. Sarah asked

---

[1] "I must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff." Gagan v. Norton, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995).

the teacher if she could be excused early from class, to avoid Mr. Torres.  Her request was denied. On leaving school, Adam Torres followed, threatened and then attacked her, causing severe injuries. (Complaint, ¶ 18).  On February 4, 1988, Sarah and her parents discussed this incident with Defendants Burch, Gardner, and Frankie, the principal, 10th grade principal and 12th grade principal at Hobbs High School. (Complaint, ¶19).  When Sarah returned to school on February 9, 1998, Adam Torres threatened to kill her.  She left the school, and again met with school officials.  School officials refused to expel Torrez, but did enroll Sarah in an "alternative" school, located in a separate building. At some unspecified time later, Adam Torres began waiting for her outside the alternative school, effectively necessitating her withdrawal from school.    (Complaint, ¶ 20).

3.  Sarah and her parents, Plaintiffs Pamela Sue Dunn and Woodrow Dunn, Sr., seek damages from the Hobbs Municipal Schools, the School's Board of Education, the school superintendent (Defendant  Rounds)  the individual officers and  members of the school board, (Defendants Jones, Forney, Bateman, Ray, Campbell), three principals (Defendants Burch, Gardner and Frankie) and a teacher (Defendant McCreesh).  Plaintiffs alleges negligence under the New Mexico Tort Claims Act (Count I),  deprivation of Sarah's due process and equal protection rights in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. §1983 (Count II), intentional violation of Title IX, 20 U.S.C. §1681(a) et seq. (Count III), and assault and battery (Count IV).  They seek compensatory and punitive damages.

## Discussion

### A.    Count I; Claims Brought Pursuant to the New Mexico Tort Claims Act.

4.  Plaintiffs seek damages pursuant to the New Mexico Tort Claims Act, §41-4-1 *et seq.* NMSA 1978 ("The Tort Claims Act," herein).  They contend that Defendants breached their "duty to

protect" Sarah, or to permit her to protect herself, from a confrontation with Adam Torrez, and were negligent in failing to respond to her complaints of harassment and threats of injury. (Compliant, ¶ 21). Defendants contend that Plaintiffs' claim under the Tort Claims Act should be dismissed because Plaintiffs failed to file a timely Tort Claims Notice, and because there is no applicable waiver of immunity for this claim under the New Mexico Tort Claims Act.

### Waiver of Immunity under the New Mexico Tort Claims Act.

5.      Governmental entities and public employees are immune from tort liability absent a waiver of immunity set out in the Tort Claims Act. §41-4-4(A) NMSA (1978). The parties agree that to maintain this action, Plaintiffs' allegations must fall within the waiver provisions of §41-4-6 NMSA, which provides in material part:

> The immunity granted pursuant to Subsection A of § 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damages caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

Though termed a premises liability statute, this waiver applies where "due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government." Castillo v. County of Santa Fe, 107 N.M. 204, 105, 755 P.2d 48, 49 (1988) (Plaintiff child injured by dogs running loose on grounds of public housing project. Held: NMSA §41-4-6 waives immunity for negligent failure to provide safe common areas.). Assaults by third parties on property owned and operated by the government come under this statute, provided the condition on the property, e.g., the negligent failure to provide a safe environment, creates a potential risk to the general public. Espinosa v. Town of Taos, 120 N.M. 680, ¶ 9, 905 P.2d 718 (1995); Archibeque v. Moya, 116 N.M. 616, 620, 866 P.2d 344 (1993).

6.      The Complaint in this case alleges that Adam Torres harassed, threatened and assaulted Sarah. No other individuals were alleged as targeted or singled out by him or his friends. Even assuming that sufficient notice was giving under the Tort Claims Act[2], the Complaint fails to allege a condition present on property owned and operated by the government which created a potential risk to the general public, or to the general school public. Accordingly, no waiver exists under §41-4-6 NMSA 1978 for the conduct alleged in the Complaint. Absent such a waiver, Plaintiffs allegations are insufficient to state a claim under the Tort Claims Act upon which relief can be granted. Noriega v. Stahmann Farms, 113 N.M. 441, 443, 827 P.2d 156, 158 (Ct. App.) cert. den. 113 N.M. 449, 827 P.2d 837 (1992).

7.      Accordingly, Count One of Plaintiffs' Complaint, seeking recovery pursuant to the Tort Claims Act is dismissed for failure to state a claim upon which relief can be granted will be granted.

---

[2]It is undisputed that written notice of Plaintiffs' intent to sue was submitted, at the earliest, on July 6, 1999, well after the 90 day notice period required by §41-4-16(A) and (B) of the New Mexico Tort Claims Act. (Docket No.25, Ex. A). There is however, a question of fact as to whether the events alleged in the Complaint amount to "actual notice" of the occurrence, mandating an evidentiary hearing before that issue could be decided. Lopez v. State, 122 N.M. 611, ¶ 16 (1996). Plaintiffs, relying on Rider v. Albuquerque Public Schools, 122 N.M. 237 (Ct. App. 1996), also contend that Sarah, a " minor of tender years," is not subject to the 90 day notice provision of the Tort Claims Act. The minor in Rider was a six-year old. Given her obvious immaturity, her inability to comply with the notice requirement was not disputed. (Id., ¶ 4). The issue before the New Mexico Court of Appeals was whether the failure of a parent or other adult to give notice on her behalf barred her claim. The court distinguished the situation in Rider from cases involving teenaged plaintiffs, "who arguable may have been capable of appreciating legal deadlines and complying unassisted with statutory notice and limitations requirements." (Id.). The impact of Sarah's minority raises questions of fact which cannot be decided at this stage of the proceedings See Erwin ex rel. Erwin v. City of Santa Fe, 115 N.M. 596, 598, 855 P.2d 1060, 1063 (Ct. App. 1993), and is moot if actual notice of the occurrence was given. Accordingly, I defer ruling at this time on whether or not Sarah's minority excused her from complying with the notice provisions of the New Mexico Tort Claims Act.

**B.      Count II;  Claims of Deprivation Due Process  Brought Pursuant to 42 U.S.C. §1983.**

8.      In Count II, Plaintiffs allege that the Defendants, through their actions and failure to act, deprived Sarah of her right to due process.[3]  Defendants argue that they are entitled to qualified immunity[4] and therefore shielded from liability.

9.       The standards applicable to this defense are different from those applicable to Defendants' Motion to Dismiss Count II for failure to state a claim under rule 12(b)(6).  The Tenth Circuit has stated that:

> Once a defendant pleads qualified immunity, the plaintiff initially bears a heavy two-part burden.  First, the plaintiff must demonstrate that the defendant's actions violated a constitutional right or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.  [P]laintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity.

Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir.1995) (citations omitted).  Qualified immunity is a legal rather than a factual issue which  must be resolved by the trial court.  Snell v. Tunnell, 920 F.2d 673, 696 (10th Cir.1990), cert. den. 499 U.S. 976 (1991).   The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).

---

[3] Plaintiffs also allege a violation of Sarah's right to  equal protection, which is not at issue. Murrell v. School District No. 1, Denver, Colorado, 186 F.3d 1238 (10th Cir. 1999).

[4] "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).   The qualified immunity standard "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

10.     In Seamons v. Snow, 84 N.M. 1226 (10th 1996), the Tenth Circuit considered a claim similar to that presented here.  A student was subjected to peer harassment which escalated due to the inept handling of that situation by school officials.  The student eventually transferred to another school district.  The court held that no violation of due process rights was implicated.  Seamons v. Snow, 84 F.3d at 1234-1236.

11.     Accordingly, Defendants' Motion to Dismiss that portion of Count Two of Plaintiffs' Complaint, seeking recovery based upon deprivation of Plaintiff Sarah Dunn Hamilton's right to due process, will be granted.  The remaining causes of action set forth in Count II are preserved for trial.

### C.     Count III;   Claims Brought Pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§1681-1688.

12.     Defendants contend that Sarah is the only proper plaintiff and that Hobbs Municipal Schools is the only proper defendant for claims made pursuant to Title IX, 20 U.S.C. §1681(a) et seq. (Docket No. 15, p. 7-8).  Plaintiffs agree.  (Docket No. 25, p. 9).  Accordingly, Plaintiffs Pamela Sue Dunn and Woodrow Dunn, Sr., and Defendants Hobbs Municipal School Board of Education, Rounds, Jones, Fonay, Bateman, Ray, Campbell, Burch, Gardner, Frankie and McCreesh will be dismissed from Count III as improper parties.

### D.  Count IV;  Claims Based Upon Common Law Assault and Battery.

13.     In Count IV, Plaintiff seeks damages from all Defendants for assault (threats) and battery (physical bodily injury).  The Complaint clearly alleges that the assaults and battery complained of were committed by Adam Torres and his friends, not by the other named Defendants, all of whom are governmental agencies and public employees.  As previously stated,  as governmental agencies and employees, Defendants are immune from tort liability absent a waiver of immunity set out in the

New Mexico Tort Claims Act.  N.M.S.A. §41-4-4(A).  There is no waiver of immunity in the New Mexico Tort Claims Act which would permit Plaintiffs to sue these defendants for assault and battery. Accordingly, Count IV of Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendants  Hobbs Municipal School Board of Education, Rounds, Jones, Fonay, Bateman, Ray, Campbell, Burch, Gardner, Frankie and McCreesh, and will be dismissed as to them.  Norriega v. Stahmann Farms, Id.

      **E.**    **Punitive Damages.**

14.    Plaintiffs seek punitive damages in connection with their claims for relief under 42 U.S.C. §1983 and Title IX, 20 U.S.C. §1681, et seq.  (Complaint, pp.7-9)

**Punitive Damages under the Civil Rights Act, 42 U.S.C. §1983**

15.    The law is well settled that a municipality is immune from an award of punitive damages sought pursuant to 42 U.S.C. §1983.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981).  Public school districts are considered municipal entities. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 738, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (holding that school district could not be found liable for civil rights violations under theory of *respondeat superior*). Under New Mexico law, the school board is the governing body of a school district.   See §§ 22-1-2(K),(L) NMSA.  Punitive damages are, however, recoverable against officers of the municipal entity, sued personally in their individual capacities.  See Smith v. Wade, 461 U.S. 30, 35, 103 S.Ct. 1625, 1629 (1983);   Martinez v. Cordova, 676 F.Supp. 1068, 1070 (D. N.M. 1987).

16.    Therefore, Defendants' Motion to dismiss Plaintiffs' claim for punitive damages for violation of 20 U.S.C. §1983 will be granted as to Defendant  Hobbs Municipal School, the Hobbs Municipal School Board,  the defendant school employees and school board officials, in their official capacities

and denied as to the defendant school employees and school board officials in their individual capacities.

### Punitive Damages under Title IX, 20 U.S.C. §1681.

17.     As previously stated, the only proper defendant under Plaintiffs' Title IX claim is the Hobbs Municipal Schools.  Plaintiffs argue that punitive damages are available to Plaintiff Sarah Dunn-Hamilton against the institutional defendants. The few courts directly to address this issue have held that punitive damages are not applicable against government entities under Title IX.  See  Crawford v. School Dist., 1998 WL 288288, at *2 (E.D.Pa.1998);  Collier v. William Penn Sch. Dist., 956 F.Supp. 1209, 1217 (E.D.Pa.1997);  Doe v. Londonderry Sch. Dist., 970 F.Supp. 64, 76 (D.N.H.1997);  cf.  Doe v. Oyster River Coop. Sch. Dist., 992 F.Supp. 467, 482-84 (D.N.H.1997) (arguing both sides of the issue without deciding it).  These cases note that the Court in City of Newport v. Fact Concerts, Inc. based its decision on the existence of a longstanding common law rule immunizing municipalities from punitive damages.  See City of Newport v. Fact Concerts, Inc., 453 U.S. at 258.  The rationale underlying Newport is equally applicable to punitive damage awards against school districts under Title IX. For these reasons, Defendants' Motion to Dismiss Plaintiffs' claim for punitive damages under Title IX, 20 U.S.C. §1681, et seq. will be granted.

   **IT IS THEREFORE ORDERED AS FOLLOWS:**

   1.     Count I, alleging liability pursuant to the New Mexico Tort Claims Act, is dismissed with prejudice for failure to state a claim upon which relief can be granted;

   2.     That portion of Count II, alleging liability based upon alleged deprivation of the Constitutional right to Due Process, is dismissed with prejudice for failure to state a claim upon which relief can be granted;

3. Plaintiffs Pamela Sue Dunn and Woodrow Dunn, Sr., and Defendants Stan Rounds, Patricia D. Jones, Gary W. Fonay, Mark Bateman, Bob L. Ray, Cliff Burch, Jim Gardner, Eric Frankie and Stella McCreesh, are Dismissed from Count III as improper parties;

4. Count Four is dismissed with prejudice as to all defendants except Adam Torres for failure to state a claim upon which relief can be granted;

5. Plaintiffs' claims for punitive damages under Title IX, 20 U.S.C. §1681 et seq, is dismissed for failure to state a claim upon which relief can be granted;

6. Plaintiffs' claims for punitive damages under 42 U.S.C.§1983 is dismissed with prejudice against Defendants Hobbs Municipal Schools, the Hobbs Municipal Schools Board of Education, and the remaining school employees and school board officials, in their official capacities, for failure to state a claim upon which relief can be granted. Plaintiffs' claim for punitive damages is preserved against the school employees and school board members in their individual capacities.

**IT IS SO ORDERED.**

                                **RICHARD L. PUGLISI**
                          **UNITED STATES MAGISTRATE JUDGE**
                                (sitting by designation)